IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENNETH NESBIT, on behalf of himself    )
and for the class described in the complaint, )
*et al.,*                                )
                                         )
        Plaintiffs,                      )
                                         )
v.                                       )    CASE NO. 2:05-cv-528-F
                                         )         (WO)
UNISYS CORPORATION,                      )
                                         )
        Defendant.                       )

## MEMORANDUM OPINION AND ORDER

This action is before the Court on Defendant Unisys Corporation's Motion to Dismiss

Claims of Kenneth Nesbit and John Stevenson filed on July 1, 2005.  (Doc. # 7).  Plaintiffs

filed a response in opposition to the motion on July 20, 2005 (Doc. # 14), and Defendant

Unisys Corporation filed a reply  (Doc. # 15).   For the reasons that follow, the Court finds

that the Motion to Dismiss is due to be DENIED.

## JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1332 (diversity jurisdiction).  The parties do not contest personal jurisdiction, and the court

finds adequate allegations in support of personal jurisdiction.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs  Kenneth  Nesbit  (hereinafter  "Nesbit"),  William  Galloway  (hereinafter

"Galloway"), and John Stevenson (hereinafter "Stevenson")[1] filed this action in May 2005 in the Circuit Court of Montgomery County, Alabama against Defendant Unisys Corporation (hereinafter "Defendant").  (Doc. # 1, Compl.).  By their Complaint, Plaintiffs allege breach of contract  claims on behalf of a putative class of employees of Defendant.  Specifically, Plaintiffs seek to represent a class of all employees of Defendant who, at any time within the last five years, contracted with Defendant for incentive compensation and achieved the goals for receipt of the incentive compensation, but were denied such compensation.  Plaintiffs claim that between 2001 and 2004, Defendant contracted with various employees to pay them incentive compensation if the business unit specified in the agreement reached certain stated goals.  Plaintiffs further claim that, despite achieving the desired results as stated in the incentive compensation plans, Defendant did not pay any incentive compensation.  As a result, Plaintiffs filed this action seeking compensatory damages for the breach of contract of incentive compensation, plus prejudgment interest and costs.

Defendant removed the lawsuit to this Court on June 3, 2005.  (Doc. # 1, Notice of Removal).  Defendant asserts that this Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 and diversity jurisdiction.  On July 1, 2005, Defendants filed a motion to dismiss arguing that the claims of Plaintiffs Nesbit and Stevenson are due to be dismissed.  (Doc. # 7).    This motion is fully briefed and ripe for the Court's review.

---

[1]  When appropriate, the Court will hereinafter refer to the plaintiffs collectively as "Plaintiffs."

## STANDARD OF REVIEW

A Rule 12(b)(6) motion, such as the one presently before this Court, tests the legal sufficiency of the complaint.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.  *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *see also South Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir. 1996) (A motion to dismiss must be denied "unless it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." ); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (citation omitted) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.").  In applying this standard, the Court will accept as true all well-pleaded factual allegations and the reasonable inferences to be drawn from those allegations and view those facts and inferences in a light most favorable to the non-moving party.  *See Hishon,* 467 U.S. at 73.

## DISCUSSION

Defendant moves to dismiss the claims of Plaintiffs Nesbit and Stevenson pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that their claims, as alleged in the Complaint, fail to state a claim for which relief can be granted.  Defendant submits affidavits and copies of the incentive compensation plans (hereinafter "Plans") at issue in support of its motion to dismiss.  Based upon these exhibits, Defendant contends that the Plans pertaining to Plaintiffs Nesbit and Stevenson were "discretionary in nature and reserved to [Defendant] the right to pay incentive compensation, as well as the right to choose not to pay

3

the incentive compensation." (Mot. at p. 2). Defendant thus argues that the "discretionary nature of the Plan[s] necessarily defeats the Plaintiffs' claims for a breach of contract." (*Id.*). Further, Defendant contends that Plaintiffs Nesbit and Stevenson's claims must fail because they failed to comply with the administrative requirement of submitting a written complaint to the corporation within six months of the alleged pay-out date. (*Id.*).

Motions to dismiss under Federal Rule 12(b)(6) are appropriately directed to the pleadings and not based on documents outside the pleadings. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the *pleadings and exhibits attached thereto*.") (internal quotations and citation omitted) (emphasis added). Accordingly, Defendant's reliance on evidentiary submissions to argue that the factual predicate for Plaintiffs Nesbit and Stevenson's allegations do not exist is not procedurally proper at this stage in the proceedings. Determining the discretionary nature of the Plans or the application of an administrative requirement are vital issues in this breach of contract action and should be decided based upon evidence, not the pleadings. Put another way, the Court has reviewed and considered all the arguments raised by Defendant in support of its motion to dismiss and is satisfied that they are not well-taken.

Therefore, it is hereby ORDERED as follows:

1.    Defendant Unisys Corporation's Motion to Dismiss Claims of Kenneth Nesbit and John Stevenson (Doc. # 7) is DENIED.

4

2.    Defendant Unisys Corporation is DIRECTED to file its Answer to the claims of Plaintiffs Kenneth Nesbit and John Stevenson as alleged in the Complaint no later than **ten days** after the entry of this Memorandum Opinion and Order.

3.    The parties are hereby reminded of the obligation, imposed by Rule 26(f) of the Federal Rules of Civil Procedure, to confer and to develop a proposed discovery plan.  **Pursuant to Federal Rule of Civil Procedure 26(f), a Report of Parties Planning Meeting containing the discovery plan shall be filed as soon as practicable but not later than thirty days after the date of entry of this Memorandum Opinion and Order.**  The longstanding practice in this district is that dispositive motions shall be filed no later than 90 days prior to the pretrial date.  If the parties seek to vary from that schedule, they should present, in the plan, specific case related reasons for the requested variance.  This case will be set for trial before the undersigned judge during one of that judge's regularly scheduled civil trial terms.  The pretrial date is normally set within four to six weeks of a scheduled trial term.  The dates of each judge's civil trial terms are available on the Court's website located at http://almd.uscourts.gov in the civil case information section.  This Court may or may not hold a scheduling conference before issuing a scheduling order.  If the Court holds a scheduling conference, counsel may participate in the scheduling conference by conference call.  The scheduling order entered by the Court will follow the form of the Uniform Scheduling Order adopted by the

judges of this court.  The Uniform Scheduling Order is also available on the Court's website.  The Report of the Parties' Planning Meeting should comply with Form 35 of the Appendix of Forms to the Federal Rules of Civil Procedure.

DONE this 10th day of August, 2005.


_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE